# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS G. GEORGALLIS; and ELI, INC., <br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br><br>UNITED STATES OF AMERICA; SAN DIEGO POLICE DEPARTMENT; and DOES 1 through 50,<br><br>　　　　　　Defendants. | CASE NO. 14-CV-1825-H (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT [Doc. No. 11]; and**<br><br>**(2) DENYING DEFENDANT SAN DIEGO POLICE DEPARTMENT'S MOTION TO DISMISS AS MOOT [Doc. No. 7]** |

　　　On August 4, 2014, Plaintiffs Elias G. Georgallis and Eli, Inc. ("Plaintiffs") filed a complaint against Defendants the United States of America and the San Diego Police Department ("Defendants"). (Doc. No. 1.) On September 8, 2014, the San Diego Police Department filed a motion to dismiss Plaintiffs' claims against the Police Department. (Doc. No. 7.) On October 3, 2014, Plaintiffs filed a motion for leave to file a first amended complaint. (Doc. No. 11.) On October 24, 2014, the San Diego Police Department filed a response in opposition to Plaintiffs' motion to file a first amended complaint. (Doc. No. 15.) The United States does not oppose Plaintiffs'

motion to file a first amended complaint. (Doc. No. 10 at ¶ 4.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that this matter is appropriate for resolution without oral argument and submits Plaintiffs' motion on the parties' papers. The Court grants Plaintiffs' motion to file a first amended complaint and denies the San Diego Police Department's motion to dismiss as moot.

## Discussion

### I.     Legal Standard for Leave to Amend

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the [pleading]." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) (citing Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)); In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

### II.    Plaintiffs' Motion to Amend

Here, there is no bad faith or undue delay in moving to amend at this time. The Court does not perceive any prejudice to the opposing parties that would result from Plaintiffs amending their complaint. Additionally, the United States does not oppose Plaintiffs' motion to amend. (Doc. No. 10 at ¶ 4.) Accordingly, the Court grants

1 | Plaintiffs' motion for leave to amend. <u>Owens</u>, 244 F.3d at 712.

2 | **Conclusion**

3 | For the foregoing reasons, the Court grants Plaintiffs' motion to file a first
4 | amended complaint. Accordingly, the Court denies the San Diego Police Department's
5 | motion to dismiss (Doc. No. 7) as moot and vacates the hearing set for December 5,
6 | 2014.

7 | **IT IS SO ORDERED.**
8 | DATED: November 20, 2014

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT